**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

NICHOLAS D GOMPERT,

          Plaintiff,

vs.

COXBILL COMPANY, and COLE COXBILL,

          Defendants.

**7:19CV5007**

**SECOND AMENDED FINAL PROGRESSION ORDER**

      **THIS MATTER** is before the Court on the parties' Unopposed Motion to Amend Final Progression Order. (Filing No. 34.) The Motion is granted. Accordingly,

      **IT IS ORDERED** that the provisions of the Court's earlier final progression orders remain in effect, and in addition to those provisions, the following shall apply:

1)     The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **November 16, 2020** at **10:00 a.m.**, and will be conducted by internet/telephonic conferencing. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (If counsel wishes to appear in person, counsel must contact chambers requesting permission to do so. Before contacting chambers to request such relief, counsel shall confer regarding the issue.) The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov, in Word format, **by 12:00 p.m. on November 11, 2020**. The trial date in this matter will be set at the pretrial conference.

2)     A telephonic conference to discuss the status of case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **July 13, 2020** at **3:00 p.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

3)     The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is **September 15, 2019**.

4)     The deadlines for moving to amend pleadings or add parties are:

        For the defendant(s):         **October 15, 2019**

5)     The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **July 1, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **July 15, 2020**

      **Note:** A motion to compel, to quash, or for a disputed protective order shall not be

filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

6) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

| | |
|---|---|
| For the plaintiff(s): | **February 28, 2020** |
| For the defendant(s): | **February 28, 2020** |

7) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

| | |
|---|---|
| For the plaintiff(s): | **May 30, 2020** |
| For the defendant(s): | **May 30, 2020** |

8) The deposition deadline is **July 20, 2020**.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

   b. Depositions will be limited by Rule 30(d)(1).

9) The deadline for filing motions to dismiss and motions for summary judgment is **August 1, 2020**.

10) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **August 1, 2020**.

11) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

12) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

13) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

Dated this 10th day of April, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge